**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Joseph Monaghan, | No. CV-19-08321-PCT-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation ("R & R") of Magistrate Judge James F. Metcalf (Doc. 23) regarding the Richard Joseph Monaghan's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R & R concluded that the petition is barred by the statute of limitations and recommends denial and dismissal with prejudice. (Doc. 23 at 11–12.) The Court has reviewed the record, including the Petition (Doc. 1), Respondent's Answer (Doc. 16) to the Petition, and Petitioner's Reply (Doc. 22), the R & R (Doc. 23), Petitioner's Objection (Doc. 31), and Respondent's Reply (Doc. 32). For the reasons set for the below, the Court overrules Petitioner's objections and adopts the R & R in its entirety.

**I.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In so doing, district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States*

*v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Objections to the magistrate judge's findings and recommendations must be "specific." Fed. R. Civ. P. 72(b)(2). If the petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. 13-cv-00381, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014).

## II.

Because the R & R recounts the factual and procedural history of this case in detail (Doc. 23 at 1–4), only a brief factual recitation is necessary. In March 2013, Petitioner pleaded guilty to one count of child molestation and one count of attempted sexual conduct with a minor. (Doc. 16-1 at 9, 15.) In May 2013, he was sentenced to a mitigated term of 12 years imprisonment followed by community supervision and lifetime probation. (*Id.* at 19, 22.)

Petitioner did not file a direct appeal. (Doc. 1 at 2.) Petitioner commenced his first post-conviction relief ("PCR") proceeding in May 2013, which was dismissed in June 2014. (Doc. 16-1 at 26.) Petitioner did not seek further review. (Doc. 1 at 5.)

Thirty months later, in January 2017, Petitioner filed a second PCR. (Doc. 16-1 at 65.) The Navajo Superior Court dismissed his second PCR proceeding, concluding that the petition was untimely, any claims of error regarding his sentencing were waived because he did not object during his sentencing, and his claims were not meritorious. (*Id.* at 116–117.) Petitioner appealed, and the Arizona Court of Appeals denied relief. (Doc. 16-2 at 3, 22.) Petitioner sought review by the Arizona Supreme Court (*id.* at 24) but was denied (*id.* at 54).

In October 2019, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

## III.

The R & R recommends dismissing the petition as untimely because it was filed more than 52 months after the limitations period expired. (Doc. 23 at 7.) The magistrate

judge correctly found the Petition should be dismissed for failure to meet the one-year limitations period. Congress set a one-year statute of limitations for all applications for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenging convictions and sentences rendered by state courts. *See* 28 U.S.C. § 2254(d). The instant petition did not meet the one-year deadline.

The one-year limitations period begins to run when a petitioner's convictions become "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's conviction became final on July 16, 2014, or 35 days after the superior court's decision on Petitioner's PCR petition. (*See* Doc. 16-1 at 61.) Accordingly, Petitioner had one year, or until July 15, 2015, to file a timely Writ of Habeas Corpus. His habeas petition filed in October 2019 is thus untimely. (*See* Doc. 1.)

Moreover, the magistrate judge correctly found that Petitioner is not entitled to any tolling. Statutory tolling is only available when a properly-filed PCR petition or other collateral review proceeding is pending. 28 U.S.C. § 244(d)(2). Petitioner filed a second PCR petition, but it was untimely. Thus, Petitioner is not entitled to any statutory tolling on his seventeen-month-late second PCR. *Jiminez v. Rice*, 276 F.3d 820, 823 (9th Cir. 2003). Additionally, the magistrate judge found that Petitioner is not entitled to equitable tolling because he does not meet the burden of proving extraordinary circumstances existed to trigger equitable tolling. Petitioner argued that the limits of prison law libraries and ineffective counsel prevented him from timely filing, but these arguments fail to rise to the level of extraordinary circumstances warranted to necessitate equitable tolling. *See Waldron v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Finally, Petitioner makes no claim of actual innocence and the record reveals none. (Doc. 1 at 10.)

Petitioner does not raise any objections to the magistrate judge's findings regarding the statute of limitations and tolling. (*See* Doc. 31.) Petitioner raises objections to the R & R's use of the word "stipulate," the fees and other consequences of probation and ineffective assistance of counsel. (*Id.*) He also raises issues of state law, including

objecting to his plea agreement operating as a waiver, and he argues that his lifetime probation should be changed to a five-year probation. But because Petitioner's habeas petition is untimely, the Court cannot consider these arguments.

### IV.

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court finds that a certificate shall not issue either because dismissal of the Petition is justified by a "plain procedural bar," *id.* at 484, or because "jurists of reason" would not find the Court's assessment of the constitutional claims "debatable or incorrect," *id.* at 485.

### V.

Accordingly,

**IT IS ORDERED adopting** Magistrate Judge James F. Metcalf's Report and Recommendation (Doc. 23).

**IT IS FURTHER ORDERED overruling** Petitioner's Objection to the Magistrate Judge's Report and Recommendation (Doc. 31).

**IT IS FURTHER ORDERED** that Richard Joseph Monaghan's 28 U.S.C. § 2254 Petition (Doc. 1) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability because, for reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right, a point on which reasonable jurists could not disagree. 28 U.S.C. § 2253(c)(2).

1    **IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment
2 terminating the case.

3    Dated this 16th day of March, 2022.

Michael T. Liburdi
United States District Judge